LAWRANCE A. BOHM, (SBN 208716)
BRADLEY J. MANCUSO, (SBN 285616)
BOHM LAW GROUP
4600 Northgate Blvd., Suite 210
Sacramento, CA 95834
Phone (916) 927-5574
Fax (916) 927-2046

Attorneys for Plaintiff
CHRISTIAN HEAD, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN HEAD, M.D., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT McDONALD, Secretary, Department of Veterans' Affairs, Agency; DONNA M. BEITER, R.N., M.S.N., an individual; DEAN NORMAN, M.D., and individual, <br><br> Defendants. | Case No. 2:14-cv-01563-SVW-PLA <br><br> **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS, REQUEST FOR JUDICIAL NOTICE, AND NOTICE OF LODGING FILED BY DEFENDANTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION** <br><br> Date: March 9, 2015 <br> Time: 1:30 p.m. <br> Place: Courtroom 6 <br> Judge: Hon. Stephen V. Wilson <br><br> Complaint: March 3, 2014 <br> Trial: None |

Plaintiff CHRISTIAN HEAD, M.D. respectfully submits the following objections to the Declarations of Donna M. Beiter, Debbie-Noel Blaisdell, Chung H. Han, Darryl A. Joseph, Paul M. Marian, and Dean C. Norman, M.D., as well as Defendants' Request for Judicial Notice and Notice of Lodging CD.

1

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

Objections to Declaration of Donna M. Beiter

Plaintiff objects to the entirety of this declaration because it has not been signed and therefore may not be considered as evidence. (28 U.S.C. § 1746; *Gell v. Town of Aulander*, 252 F.R.D. 297, 301 (E.D.N.C. 2008) (striking an attached unsigned draft affidavit). Only a registered ECF user (which Ms. Beiter is not) may sign "/s/".

Central District of California Local Rule 5-4.3.4 (a)(3): In the case of documents requiring signatures other than those of registered CM/ECF Users (such as declarations), the filer shall scan the hand-signed signature page(s) of the document in PDF format and electronically file the document in accordance with L.R. 5-4.3.1. Courts meet the federal rules requirements of an "original" signature on documents filed with the court in different ways. On papers filed electronically, this requirement may be met with the log-in and password, and the signature indicated by *s/* or */s*. For documents, such as an affidavit that must be signed by an individual, the paper may be scanned in so that an electronic image is available and can be viewed. Or the actual signed document may be kept on file by the attorney or petitioner, and an abbreviated paper document that confirms the document was signed may be filed. Or the actual signed document may be held by the attorney as an officer of the court.

| | |
|---|---|
| "I do not believe Dr. Head is a whistleblower." (¶4, P.2, lines 6-7) | Lack of Personal Knowledge/No Foundation (FRE 602); Irrelevant (FRE 401, 402); Unfairly prejudicial because it is misleading and confuses the issues (FRE 403); Improper legal conclusion (FRE 704). |
| "The events which Dr. Head described in his Congressional testimony were events that dated back to 2006, and which had been long resolved, and mostly concerned his personal grievances against Marilene Wang, M.D." (¶5, P. 2, lines 7-10) | Lack of Personal Knowledge/No Foundation (FRE 602); Irrelevant (FRE 401, 402); Unfairly prejudicial because it is misleading and confuses the issues (FRE 403). |

2

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

Objections to Declaration of Debbie-Noel Blaisdell

Plaintiff objects to the entirety of this declaration because it has not been signed and therefore may not be considered as evidence. (28 U.S.C. § 1746; *Gell v. Town of Aulander*, 252 F.R.D. 297, 301 (E.D.N.C. 2008) (striking an attached unsigned draft affidavit). Only a registered ECF user (which Ms. Blaisdell is not) may sign "/s/". See also Central District of California Local Rule 5-4.3.4 (a)(3) cited above.

| | |
|---|---|
| "Documentation was attached to these weekly status updates in support of the notes provided to Dr. Norman. Collectively attached hereto as **Exhibit A** are true and correct copies of my notes dated February 24, March 2, April 7, April 11, April 18, April 25, May 2, May 16, May 23, June 3, June 14, June 23, June 28, June 30, July 28, August 1, August 25, August 26, September 7, September 13, September 19, September 21, October 3, October 14, October 24, 2011, without the supporting documentation." (¶3, P. 1, lines 17-23) | Second Evidence Rule (FRE 1002): The "supporting documentation" is needed to prove the content of Ms. Blaisdell's status updates (Exhibit A). Rule of Completeness (FRE 106): Exhibit A is missing supporting documentation. |
| "The case was referred to Dr. Head on May 26, 2011." (¶4, P.1, lines 25-26) | Lack of Personal Knowledge/No Foundation (FRE 602). |
| "I spoke to the daughter on June 14, 2011, and she informed me that she had not heard from Dr. Head in two weeks." (¶4, P. 1, lines 26-27) | Lack of Personal Knowledge/No Foundation (FRE 602); Hearsay (FRE 801, 802). |
| "In June 2011, I was asked by Dr. Norman to follow up with Regional Counsel to determine whether Dr. Head had any outstanding medical tort claims which he was to review." (¶5, P. 2, lines 3-5) | Hearsay (FRE 801, 802). |
| "Attached hereto as **Exhibit C** is a true and correct copy of an email from Mr. Joseph that he had received from Regional Counsel Ken La Faso." (¶5, P.2, lines 7-8) | Exhibit C is not authenticated (FRE 901) because the substantive email was from Mr. La Faso to Mr. Joseph. Ms. Blaisdell merely asked Mr. Joseph to forward her the email chain; therefore, Ms. Blaisdell cannot authenticate whether the email chain is complete or accurate. |

3

Plaintiff's Evidentiary Objections to Defendants' Declarations,　　　　　　　　　　　　　　　　Lawrance A. Bohm, Esq.
Request for Judicial Notice, and Notice of Lodging　　　　　　　　　　　　　　　　　　　　　Bradley J. Mancuso, Esq.
HEAD v. McDONALD, ET AL.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　BOHM LAW GROUP

| | |
|---|---|
| "Attached hereto as **Exhibit D** is a true and correct copy of an email I sent to Ms. Moore stating that the timecard remarks for the 2011 dates had been corrected." (¶6, P. 2, lines 13-15) | Rule of Completeness (FRE 106): The original email from Ms. Moore to Ms. Blaisdell, in which Ms. Moore ostensibly asked Ms. Blaisdell to correct the timekeeping remarks, is missing. |
| "He was very angry and aggressive, and I felt physically intimidated by his presence and demeanor." (¶8, P.2, lines 22-23) | Unfairly prejudicial because it is misleading and confuses the issues (FRE 403); Irrelevant (FRE 401, 402). |
| Dr. Head stated to me, "You didn't pay me anything," and complained that his most recent paycheck was "short $6,000." (¶8, P.2, lines 23-24) | Hearsay (FRE 801, 802). |
| "I officially complained because I was shaken by Dr. Head's behavior." (¶8, P.2, lines 27-28) | Unfairly prejudicial because it is misleading and confuses the issues (FRE 403); Irrelevant (FRE 401, 402). |
| "Attached hereto as **Exhibit F** is a true and correct copy of the report of contact, which I also emailed to Dr. Norman, Ms. Moore, Sandra Riley-Graves, Health System Specialist to Dr. Norman, and Windy Kennedy, Health System Specialist to Director Donna Beiter." (¶8, P.2, line 28, P.3, lines 1-4) | Unfairly prejudicial because it is misleading and confuses the issues (FRE 403); Irrelevant (FRE 401, 402). |
| I documented a conversation I had with Dr. Head on November 28, 2011, because Dr. Head stated that he hoped that Dr. Norman wasn't going to "waterboard" him. I wrote the note because I thought his choice of language was inappropriate. Attached hereto as Exhibit I is a true and correct copy of this note." (¶11, P.3, 14-17) | Hearsay (FRE 801, 802); Unfairly prejudicial because it is misleading and confuses the issues (FRE 403); Irrelevant (FRE 401, 402). |

Objections to Declaration of Chung H. Han, Esq.

| | |
|---|---|
| "Prior to filing the motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), on November 14, 2014, I went on the web site www.youtube.com and entered the search term "Christian Head UCLA." The first video to appear was entitled "African American Doctor Depicted as Gorilla at UCLA Event." The video | FRE 901 (Document not authenticated). Ms. Han cannot authenticate this YouTube video. Videos from YouTube.com are self-authenticating as a certified domestic records of a regularly conducted activity if the business-records hearsay exception is met. To qualify under this exception, evidence |

4

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

was posted two and a half years ago on May 10, 2012, by 'ShamefulHonestTruth' and at that time had almost 300,000 views. Below the youtube video was a request to 'SIGN THE CHANGE.ORG PETITION TO SUPPORT DR. HEAD' (capitalization in original) with a link, http://www.change.org/p/ucla-chancellor-gene-block-stop-discriminating-and-retaliating-against-dr-christian-head. I asked my office's litigation technology support specialist to capture the video on a compact disk (CD). This video is included on the CD lodged with Defendants' Notice of Lodging CD." (¶3, P.1, lines 17-28)

must be accompanied by "a certification of its custodian or other qualified person that satisfies three requirements: (A) that the records were 'made at or near the time by—or from information transmitted by—someone with knowledge'; (B) that they were 'kept in the course of a regularly conducted activity of a business'; and (C) that 'making the record was a regular practice of that activity.'" *Randazza v. Cox*, No. 2:12-CV-2040-JAD-PAL, 2014 U.S. Dist. LEXIS 49762, at *13 (D. Nev. April 10, 2014); see also *Sublime v. Sublime Remembered*, No. CV 06-6059 CAS (FMOx), 2013 U.S. Dist. LEXIS 103813, at *10-11 (C.D. Cal., July 22, 2013) (finding that youtube.com videos were not admissible in part because there was no evidence regarding when or where the videos were created, and plaintiffs failed to identify the users who uploaded the videos and obtain testimony from those individuals).

Here, although Ms. Han has attested that the YouTube video entitled "African American Doctor Depicted as Gorilla at UCLA Event" is a true and correct copy of the video posted on YouTube.com, Ms. Han failed to establish that he has personal knowledge of who prepared the video. Further, although Ms. Han testified to the date on which the video was posted (May 10, 2012), he failed to establish when the video was actually prepared. Moreover, Ms. Han failed to establish that the video is complete and accurate.

In addition, the video is not authenticated because Ms. Han failed to produce the certificate of YouTube's custodian or other qualified person to verify that the webpage had been maintained as a business record in the course of regularly conducted business activities.

5

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

| | |
|---|---|
| | Based on the foregoing, the YouTube.com video has not been properly authenticated and cannot be considered. |
| "Plaintiff testified on July 8, 2014, before the House Committee on Veterans Affairs, "VA Whistleblowers: Exposing Inadequate Service Provided to Veterans and Ensuring Appropriate Accountability." This testimony is available on C-Span.org. I asked my office's litigation technology support specialist to capture Plaintiff's Congressional testimony on a CD. Plaintiff's testimony, including Plaintiff's opening statement to Congress and Plaintiff's answers to questions posed to him, is included on the CD lodged with Defendants' Notice of Lodging CD." (¶4, P.2 lines 1-2) | For the same reasons as the YouTube video, the C-Span video of Plaintiff's Congressional testimony also has not been properly authenticated and cannot be considered. |
| "In support of Defendant's motion to dismiss the SAC, I created a chart comparing the SAC allegations with the allegations contained in Plaintiff's verified Third Amended Complaint against UCLA filed in the Los Angeles County Superior Court, case no. BC482981. I highlighted the sections where Plaintiff's allegations are leveled against UCLA. This chart is attached hereto as **Exhibit B**." (¶6, P.2, lines 17-21) | Lack of Personal Knowledge/No Foundation (FRE 602); Irrelevant (FRE 401, 402); Unfairly prejudicial because it is misleading and confuses the issues (FRE 403). |

Objections to Declaration of Darryl A. Joseph

Plaintiff objects to the entirety of this declaration because it has not been signed and therefore may not be considered as evidence. (28 U.S.C. § 1746; *Gell v. Town of Aulander*, 252 F.R.D. 297, 301 (E.D.N.C. 2008) (striking an attached unsigned draft affidavit). Only a registered ECF user (which Mr. Joseph is not) may sign "/s/". See also Central District of California Local Rule 5-4.3.4 (a)(3) cited above.

| | |
|---|---|
| "From approximately 2010, I shared an office with Dr. Christian Head within the Chief of | Ambiguous as to when Mr. Joseph shared an office with Dr. Head: From approximately |

6

Plaintiff's Evidentiary Objections to Defendants' Declarations,   Lawrance A. Bohm, Esq.
Request for Judicial Notice, and Notice of Lodging   Bradley J. Mancuso, Esq.
HEAD v. McDONALD, ET AL.   BOHM LAW GROUP

| | | |
|---|---|---|
| 1 2 | Staff's Executive Suite, located on the Sixth Floor of the GLA main hospital." (¶3, P.1, lines 19-21) | 2010 until when? |
| 3 4 5 | "Dr. Head and I were tasked to provide a response to counsel within thirty (30) days of receipt." (¶4, P.1, lines 27-28) | Lack of personal knowledge and lack of foundation as to Dr. Head's tasks (FRE 602). |
| 6 7 8 | "In my estimation, of the 25 to 40 medical claims per fiscal year received by Regional Counsel and tasked to Dr. Head and myself for a response, Dr. Head provided a medical review for approximately three and six claims per fiscal year." (¶4, P.1, line 29; P.2, lines 1-3) | Lack of personal knowledge as to how many claims Dr. Head reviewed (FRE 602). |
| 9 10 11 12 13 | "Dr. Head did not keep specific office hours. He would not come to the office sometimes for weeks at a time. His appearance was random and sporadic. Occasionally, Dr. Head would come to the office three times a week. Even then, he was present for only brief periods, usually half an hour to an hour." (¶5, P.2, lines 4-7) | Lack of personal knowledge as to Dr. Head's office hours (FRE 602). Although Mr. Joseph shared an office with Dr. Head, Mr. Joseph failed to establish that he was physically present in that office during times Dr. Head kept his own office hours. |
| 14 15 16 17 | "I did not observe Dr. Head respond to emails, nor did Dr. Head respond to emails from Regional Counsel requesting information on which I was copied." (¶5, P.2, lines 7-9) | Lack of personal knowledge and foundation (FRE 602). Mr. Joseph does not have personal knowledge that Mr. Head failed to respond to Regional Counsel; Dr. Head could have responded and not copied Mr. Joseph on those responsive emails. |
| 18 19 20 | "Because of Dr. Head's irregular and unpredictable schedule, when Dr. Head did come to the office, I would drop whatever I was doing and present the medical tort claims to Dr. Head that needed immediate attention." (¶5, P.2, lines 9-12) | Lack of personal knowledge as to Mr. Head's schedule (FRE 602) |
| 21 22 23 | "I would routinely receive complaints from Regional Counsel that he or she could not reach Dr. Head, and that Dr. Head was not responding to his or her questions." (¶6, P.2, lines 15-17) | Hearsay (FRE 801, 802) |
| 24 25 26 27 | "During the approximately four years that I shared an office with Dr. Head, the only person Dr. Head appeared to dislike was Dr. Marilene Wang" (¶7, P.2, lines 23-24) | Lack of personal knowledge/lack of foundation (FRE 602). Conclusory: Declarations must set out specific facts, not mere conclusory allegations. (*Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (stating that Rule 56 does not aim to |

28

7

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

| | |
|---|---|
| | replace conclusory averments in a pleading with conclusory allegations in an affidavit); *Soremekun v. Thrifty Payless, Inc.* (9th Cir. 2007) 509 F. 3d 978, 984 (stating that "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment" *Taylor v. List* (9th Cir. 1989) 880 F.2d 1040, 1045-6 (stating that "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.") |
| "I heard Dr. Head call Dr. Wang a 'bitch' on several occasions.  On one occasion I overhead [sic] Dr. Wang talking on the telephone where he called Dr. Wang a "sexual deviant," and that Dr. Wang had purportedly engaged in public sex." (¶7, P.2, lines 24-27) | Hearsay (FRE 801, 802); Irrelevant (FRE 401, 402); Undue Prejudice, Confusion, Waste of Time (FRE 403) |
| "I do not know why Dr. Head dislikes Dr. Wang."  (¶7, P.2, lines 27-28) | Irrelevant (FRE 401, 402); Lacks Foundation and Personal Knowledge (FRE 602) |
| "I have always observed Dr. Wang to be professional and polite.  I have never seen DR. Wang treat anyone poorly nor have I heard Dr. Wang say anything inappropriate." (¶8, P.3, lines 3-5) | Irrelevant (FRE 401, 402) |
| "I began to watch Dr. Head's testimony on C-Span on the date that he testified before Congress, but I could not watch the entire testimony.  I was angered by his testimony because I did not believe that his statements against GLA were true.  I thought Dr. Head's testimony was a travesty, and stopped watching it."  (¶9, P.3, lines 6-9) | Irrelevant (401, 402); Undue Prejudice, Confusion, Waste of Time (FRE 403); Conclusory. To be admissible to support or oppose a motion for summary judgment, declarations must set out specific facts, not mere conclusory allegations (*Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (stating that Rule 56 does not aim to replace conclusory averments in a pleading with conclusory allegations in an affidavit); *Soremekun v. Thrifty Payless, Inc.* (9th Cir. 2007) 509 F. 3d 978, 984 (stating that "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment" *Taylor v. List* (9th Cir. 1989) 880 F.2d 1040, 1045-6 (stating that "[a] summary judgment motion cannot be |

8

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

| | |
|---|---|
| | defeated by relying solely on conclusory allegations unsupported by factual data.") |
| "In my opinion Dr. Norman has been very patient with Dr. Head." | Irrelevant (401, 402); Lacks Foundation/Lacks Personal Knowledge (FRE 602) |

Objections to Declaration of Paul M. Maraian

Plaintiff objects to the entirety of this declaration because it has not been signed and therefore may not be considered as evidence. (28 U.S.C. § 1746; *Gell v. Town of Aulander*, 252 F.R.D. 297, 301 (E.D.N.C. 2008) (striking an attached unsigned draft affidavit). Only a registered ECF user (which Mr. Maraian is not) may sign "/s/". See also Central District of California Local Rule 5-4.3.4 (a)(3) cited above.

| | |
|---|---|
| "On April 12, 2012, EEO investigator Robert Everett took the telephonic deposition of Dr. Head under penalty of perjury. Attached hereto as **Exhibit C** is a true and correct copy of the deposition transcript." **EEO Complaint No. 200P-0691-2008103860**. (¶9, P.3, lines 1-4) | Irrelevant (FRE 401, 402); Undue prejudice, confusion, waste of time (FRE 403). |
| "Prior to Dr. Head's 2011 EEO complaint, Dr. Head engaged the VA EEO process by initiating contact with ORM on July 18, 2008, assigned EEO Complaint No. 200P-0691-2008103860. The initial interview was held on July 22, 2008, at which time the EEO process, ADR, and rights and responsibilities were discussed. The Notice of Rights and Responsibilities, signed by Dr. Head, was received by the Western Operation ORM Office on August 12, 2008." (¶10, P.3, lines 5-10) | Irrelevant (FRE 401, 402); Undue prejudice, confusion, waste of time (FRE 403). |
| (¶11, P.3, lines 11-23) | Irrelevant (FRE 401, 402); Undue prejudice, confusion, waste of time (FRE 403). |
| (¶12, P.3, lines 25-28; P.4, lines 1-25) | Irrelevant (FRE 401, 402); Undue prejudice, confusion, waste of time (FRE 403). |
| (¶13, P.4, lines 26-28; P.5, lines 1-2) | Irrelevant (FRE 401, 402); Undue prejudice, |

9

Plaintiff's Evidentiary Objections to Defendants' Declarations,  
Request for Judicial Notice, and Notice of Lodging  
HEAD v. McDONALD, ET AL.  

Lawrance A. Bohm, Esq.  
Bradley J. Mancuso, Esq.  
BOHM LAW GROUP

| | confusion, waste of time (FRE 403). |

Objections to Declaration of Dean C. Norman, M.D.

Plaintiff objects to the entirety of this declaration because it has not been signed and therefore may not be considered as evidence. (28 U.S.C. § 1746; *Gell v. Town of Aulander*, 252 F.R.D. 297, 301 (E.D.N.C. 2008) (striking an attached unsigned draft affidavit). Only a registered ECF user (which Mr. Norman is not) may sign "/s/". See also Central District of California Local Rule 5-4.3.4 (a)(3) cited above.

| | |
|---|---|
| "I am informed and believe that on February 15, 2008, Dr. Head's position with the VA was converted to a full-time appointment. Three-eighths (3/8) of his time was to be spent as Associate Chief of Staff for Qualify Assurance and the remaining five-eighths (5/8) was to be devoted to two clinics and one surgery a week. Up to two eights of his surgical time was to be devoted to establishing his research program, bringing his laboratory to GLA from UCLA and applying for and receiving grant support." (¶9, P.3, lines 14-20) | Hearsay (FRE 801, 802). Declarant's assertions that Dr. Head's position was converted to full-time on February 15, 2008, and Declarant's assertions regarding the allocations of time are based on information and belief, and therefore legally insufficient hearsay rather than personal knowledge. (*Lopez v. Univ. Partners* (1997) 54 Cal. App. 4th 1117, 1124; see *Star Motor Imports v. Sup. Ct.* (1979) 88 Cal. App. 3d 201, 204 (finding such a declaration "devoid of any evidentiary value"). |
| "At the time I received Mr. La Faso's email in February 2011, Dr. Head's attendance within the Executive Suite had become increasingly infrequent." (¶13, P.4, lines 27-28) | Lack of Personal Knowledge and Lack of Foundation (FRE 602) |
| "On June 26, 2011, I documented that Dr. Head did not appear for our scheduled meeting; that I had been informed by Regional Counsel that Dr. Head had not been responding to emails for several months; and that Dr. Head had not taken any action to become a member of the bioethics committee. Attached hereto as **Exhibit D** is a true and correct copy of my June 26, 2011 note." (¶14, P.5, lines 5-8) | Hearsay (FRE 801, 802) |
| "I also recorded that a 'review of [Dr. Head's] workload shows that he does roughly one case per week,' and that he is 'supposed to attend at least one clinic but it is not clear he is attending. Attached hereto as **Exhibit E** is a true and | Lack of personal knowledge and foundation (FRE 602). |

10

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

| | |
|---|---|
| correct copy of my July 13, 2011, note." (¶15, P.5, lines 23-26) | |
| "Mr. La Faso stated that the last time he had spoken with Dr. Head was in February 2011, and that he had 'given up' trying to speak with Dr. Head. Mr. La Faso criticized Dr. Head's reviews of the medical tort claims as 'cursory, ad hoc and only sometimes helpful.' Mr. Law Faso stated that Program Analyst Darryl Joseph had 'done all of the work.' Attached hereto as **Exhibit J** is a true and correct copy of my July 25, 2011, note." (¶21, P.7, lines 25-28; P. 8, lines 1-2) | Hearsay (FRE 801, 802) |

Objections to Defendants' Notice of Lodging CD

| | |
|---|---|
| Plaintiff objects to Defendants' request for this Court to take judicial notice of the audio recording of Plaintiff's interview with VA Office of the Inspector General Administrative Investigator Nancy Solomon on April 12, 2006. | *Allen v. County of Lake*, No. 14-cv-03934-THE, 2014 U.S. Dist. LEXIS 142135 (N.D. Cal. October 6, 2014)<br><br>*Pryor v. Warner / Chappell Music*, No. CV 13-04344 RSWL (AJWx), 2014 U.S. Dist. LEXIS 85930, at *10-11 (C.D. Cal. June 20, 2014).<br><br>Insufficient Basis for Judicial Notice (FRE 201):<br><br>According to this Federal Rule of Evidence 201(b), a court may judicially notice "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicially noticeable facts include "records and reports of administrative bodies."<br><br>*Allen v. County of Lake*, No. 14-cv-03934-THE, at *3-4, 2014 U.S. Dist. LEXIS 142135 (N.D. Cal. October 6, 2014), quoting *Mack v. South Bay Beer Distributers*, 798 F.2d 1279, |

Plaintiff's Evidentiary Objections to Defendants' Declarations, Request for Judicial Notice, and Notice of Lodging
HEAD v. McDONALD, ET AL.

Lawrance A. Bohm, Esq.
Bradley J. Mancuso, Esq.
BOHM LAW GROUP

| | |
|---|---|
| | 1282 (9th Cir. 1986) (internal quotation marks omitted).

Here, per the analysis set forth in *Allen* \*7-8, the audio recording of Plaintiff's interview with the VA Office of the Inspector General Administrative Investigator Nancy Solomon does not qualify as a fact that meets this standard.  The audio recording itself does not qualify as a "fact" unless Defendants are merely asking the Court to notice that this recording exists or the interview occurred.  Further, while some statements made during the recording may constitute admissible nonhearsay because they are admissions, significant portions of the recording are objectionable on evidentiary grounds. |

Dated:  February 16, 2015             By:   */s/ Bradley J. Mancuso*
                                                       LAWRANCE A. BOHM, ESQ.
                                                       BRADLEY J. MANCUSO, ESQ.

                                                       Attorneys for Plaintiff
                                                       CHRISTIAN HEAD, M.D.

12

Plaintiff's Evidentiary Objections to Defendants' Declarations,                          Lawrance A. Bohm, Esq.
Request for Judicial Notice, and Notice of Lodging                                        Bradley J. Mancuso, Esq.
HEAD v. McDONALD, ET AL.                                                                         BOHM LAW GROUP