JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN HEAD, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. SHULKIN, M.D., in his official capacity as Secretary of the Department of Veterans Affairs,<br><br>Defendant. | No. CV 14-01563 SVW (PLAx)<br><br>JUDGMENT<br><br><br><br><br><br>Honorable Stephen V. Wilson<br>United States District Judge |

On October 31, 2014, Christian Head, M.D. ("Plaintiff") filed a second amended complaint ("SAC") alleging four claims: (1) race discrimination in violation of 42 U.S.C. § 2000e-2; (2) retaliation in violation of 42 U.S.C. § 2000e-3(a); (3) hostile work environment in violation of § 2000e-2; and (4) conspiracy to deter a party or witness in violation of 42 U.S.C. § 1985(2). Dkt. 24. The first three claims were directed towards the Secretary of the Department of Veterans Affairs ("Defendant"), and the last claim was directed towards former Greater Los Angeles Healthcare System Director Donna Beiter and former Chief of Staff Dean Norman, M.D. Judgment is hereby entered in favor of all defendants.

## 1. Judgment on Plaintiff's Race Discrimination Claim Is Entered in Favor of Defendant

On October 27, 2015, this Court entered judgment in favor of Defendant on Plaintiff's first claim of race discrimination for failure to exhaust administrative remedies. Dkt. 73 at 19:18-26:18. The Court found that it only has jurisdiction over claims which "fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination" included within the EEOC charge. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002)) (emphasis in original). "The crucial element of a charge of discrimination is the factual statement contained therein." *Id.* In determining whether a claim not included in an EEOC charge is reasonably related to an included claim, courts should consider: (1) "the alleged basis of the discrimination," (2) the "dates of discriminatory acts specified within the charge," (3) the "perpetrators of discrimination named in the charge," and (4) "any locations at which discrimination is alleged to have occurred." *Id.*

Here, it is undisputed that Plaintiff's 2011 EEOC complaint asserted only one claim: "Harassment (non-sexual)/Hostile Work Environment" on the basis of "Reprisal (prior EEO activity)." Dkt. 35 (Maraian Decl., Ex. A); Dkt. 77 (Martinez Decl., Exs. D

& J); *see also* SAC ¶¶ 52(a)-(j). Plaintiff's 2011 EEOC complaint was directed solely towards his then-supervisor, former Chief of Staff Dr. Norman. Martinez Decl., Ex. D, E, G, H, & J. During the administrative investigation, on April 12, 2012, Plaintiff testified under penalty of perjury as to the ten events identified in SAC ¶¶ 52(a)-(j), and only as to whether he believed he was subjected to reprisal for prior EEO activity as to these events. Maraian Decl., Ex. C; Martinez Decl., Ex. M. The EEO investigator's questions focused solely on retaliation and Plaintiff did not respond to any of these questions by asserting that the complained-of action was taken because of his race or allege any facts related to his race. *Id.* Instead, Plaintiff responded by explaining why he believed the complained-of action was related to his prior EEO activity. *Id.* The undisputed record demonstrates Plaintiff's race discrimination claim did not fall within the scope of the EEOC's *actual* investigation. *Freeman*, 291 F.3d at 636; *B.K.B.*, 276 F.3d at 1100.

In addition, Plaintiff's race discrimination claim could not reasonably be "expected to grow" out of his actual charge of retaliation. *Id.* It is undisputed that Plaintiff's 2008 EEO complaint against his then-supervisor Chief of Surgery Matthias Stelzner, M.D., was also based solely on alleged retaliation for engaging in prior EEO activity. Maraian Decl., Ex. D. It is also undisputed that Plaintiff's 2008 EEO complaint did not concern Dr. Norman. *Id.* Thus, there is no evidence that Plaintiff's current race discrimination claim can reasonably be related to his 2008 EEO complaint even if Plaintiff could pursue his 2008 complaint in the current action.[1]

Thus, the Court FINDS that Plaintiff failed to exhaust administrative remedies with respect to his racial discrimination claim and with respect to his hostile work

---

[1] Plaintiff also brought a 2004 EEO complaint against then-supervisor Marilene Wang where he alleged race discrimination and retaliation. Maraian Decl., Ex. E. Again, the 2004 complaint was not directed towards Dr. Norman. *See id.* Further, this complaint cannot support Plaintiff's generalized assertions of racial discrimination, and is too remote in time to suggest any causal relationship between Plaintiff's 2004 EEO complaint and the 2011 EEO complaint at issue in this lawsuit. *Cf. Vasquez v. County of Los Angeles*, 349 F.3d 634, 645 (9th Cir. 2003) (retaliation claim could have grown out of a charge of discrimination, not *vice versa*).

environment claim to the extent that it is based on race. The Court accordingly GRANTS JUDGMENT in favor of Defendant on Plaintiff's discrimination claim and hostile work environment claim to the extent that it is based on race.

**2.     Judgment on Plaintiff's Conspiracy Claim Is Entered in Favor of Dr. Norman and Ms. Beiter**

On October 27, 2015, this Court entered judgment in favor of Dr. Norman and Ms. Beiter on Plaintiff's fourth claim of conspiracy under 42 U.S.C. § 1985(2). Dkt. 73 at 35:1-25. To establish a claim under § 1985(2), a plaintiff must show: "(1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." *David v. United States*, 820 F.2d 1038, 1040 (9th Cir. 1987). Claims of "witness intimidation under § 1985(2) will not suffice for a cause of action unless it can be shown the litigant was hampered in being able to present an effective case." *Id.*; *Blankenship v. McDonald*, 176 F.3d 1192, 1196 (9th Cir. 1999) (holding that plaintiff failed to state a claim where she alleged that she was prevented from testifying in an EEO proceeding to which she was not a party).

Plaintiff admitted in his Opposition to the defendants' motion for summary judgment that the Ninth Circuit (presumably unlike some other circuits) requires that the plaintiff be a party to the EEO proceeding in which he was allegedly prevented from testifying. Dkt. 46 at 23:10-13. Plaintiff, however, argued that the "plain reading of the statute" should be applied to any "witness," and not solely to the party. *Id.* Plaintiff stated that he "maintain[ed] his right to appeal this issue in order to attempt to correct the circuit split."[2] *Id.* at 23:23-24. This Court, however, is bound by Ninth Circuit

---

[2] The Court notes that Plaintiff did not cite to any other circuit to demonstrate this presumed "circuit split." *See* Dkt. 46 at 23:15-24. Regardless, Ninth Circuit law is clear that Plaintiff's conspiracy claim must fail. Plaintiff moved for reconsideration of the Court's judgment on the conspiracy claim. Dkt. 75. The Court herein DENIES Plaintiff's reconsideration motion.

1  precedent and will follow it accordingly.  The Court GRANTS JUDGMENT in favor of
2  Dr. Norman and Ms. Beiter on Plaintiff's conspiracy claim.

### 3. Judgment on Plaintiff's Retaliation Claim Is Entered in Favor of Defendant

On May 1, 2017, this Court granted Defendant's motion for summary judgment on Plaintiff's second claim of retaliation in violation of 42 U.S.C. § 2000e-3(a).  Dkt. 127. Retaliation claims under Title VII are governed by the burden shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).  Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing by a preponderance of the evidence a *prima facie* case of discriminatory retaliation.  *See id*. at 802.  A plaintiff may establish a *prima facie* case by showing that: "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two."  *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).  In order to establish the causal connection, the plaintiff must establish that that his prior protected activity is the "but-for" cause of the subsequent adverse actions.  *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534 (2013).

If the plaintiff establishes a *prima facie* case of retaliation, the burden then shifts to the defendant to set forth a "legitimate, non-retaliatory reason for its actions." *McDonnell Douglas*, 411 U.S. at 802.  Once the employer sets forth the legitimate, non-retaliatory reasons, the burden then shifts back to the plaintiff to "produce evidence to show that the stated reasons were pretext for retaliation."  *Id.*  As with a discriminatory claim, a plaintiff proving pretext via circumstantial evidence must offer specific and substantial evidence of pretext.  *Bergene v. Salt River Project Agr. Imp. & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001).

To establish an adverse action for purposes of a Title VII retaliation claim, the plaintiff must show that "'a reasonable employee would have found the challenged action materially adverse,' meaning 'it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Lelaind v. City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1097 (N.D. Cal. 2008) (quoting *Burlington Northern*

*& Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006)). The standard is an objective one. *White*, 548 U.S. at 68 ("We refer to reactions of a ***reasonable*** employee because we believe that the provisions' standard for judging harm must be objective.") (emphasis in original). Thus, "normally petty slights, minor annoyances, and simple lack of good manners" are ordinarily not actionable adverse events because they ordinarily "will not create such deterrence." *Id.* ("We speak of ***material*** adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth 'a general civility code for the American workplace.'") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (emphasis in original)).

Through three years of litigation, this Court has excluded several events as time-barred,[3] irrelevant, or lacking foundation.[4] Consequently, only five events remained for consideration on Plaintiff's retaliation claim:

1. On July 2011, Plaintiff's "QA [quality assurance] duties were reduced; other administrative duties were added, and [his] title was changed;"

2. On September 21, 2011, Dr. Norman said "You're a bad doctor" and "You're never here;"

3. On September 28, 2011, Dr. Norman was "very adversarial" when asking about Plaintiff's work hours;

4. On October 6, 2011, Dr. Norman said, "I'm very worried about you," which Plaintiff "took as a threat;" and

---

[3] On August 3, 2016, following a two-day evidentiary hearing on May 31, and June 1, 2016, this Court ruled that events more than 45-days prior to the date of consultation with an EEO counselor were untimely. 29 C.F.R. § 1614.105(a); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) ("[F]ailure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim."). The Court found that there should be no tolling of the 45-day requirement given Plaintiff's actual and constructive knowledge of the 45-day requirement. Dkt. 100 at 4-6.

[4] On November 8, 2016, this Court ruled that multiple events that Plaintiff alleges occurred in 2014 after he gave Congressional testimony lacked evidentiary support or could not have been caused by his EEO activity. Dkt. 111. The Court also found that Plaintiff's allegation that he had heard rumors that "management was planning to 'do something' to him" was inadmissible hearsay. Dkt. 127, n. 4.

5. On October 25, 2011, Plaintiff was charged with being "Absent Without Leave (AWOL) which resulted in a $7,000.00 reduction in pay."

*See* SAC ¶¶ 52(e), (g)-(j).

Plaintiff asserted that he initiated contact with an EEO counselor on October 7, 2011. Dkt. 125 at 1:24-25. Thus, for all of the events, other than Plaintiff being charged AWOL on October 25, 2011, Plaintiff had to show that these events occurred in retaliation for his 2004 or 2008 EEO complaint. Plaintiff did not even address this issue. The Court thereby FINDS that there is no triable issue of fact as to whether the pre-October 2011 complained-of actions were the "but-for" cause due to Plaintiff's engagement in protected activity. *Nassar*, 133 S.Ct. at 2534. Plaintiff gives no reason why Dr. Norman would retaliate against him for his prior EEO complaints against Dr. Wang in 2004 or against Dr. Stelzner in 2008. The lengthy passage of time since Plaintiff's 2008 EEO complaint is further evidence that there is no causal connection between the five relevant acts and Plaintiff's protected activity. *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 802 (9th Cir. 2003); *see also Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004).

Although the marking of Plaintiff AWOL occurred after October 7, 2011, Plaintiff failed to rebut Defendant's "legitimate, non-retaliatory reason," that marking him AWOL was due to Plaintiff's documented absences. *Nassar*, 133 S. Ct. at 2534. Plaintiff did not even attempt to rebut this point.[5] Plaintiff has failed to meet his burden to "produce evidence to show that the stated reasons were a pretext for retaliation." *Surrell*, 518 F.3d at 1108; *McDonnell Douglas*, 411 U.S. at 804. In contrast, Defendant presented ample evidence that these attendance problems, for which Plaintiff was eventually marked AWOL, began in February 2011, well before Plaintiff initiated contact with an EEO counselor. *See* Dkt. 36 (Norman Decl. ¶¶ 12-25); Dkt. 38 (Joseph Decl. ¶¶4-6); Dkt. 39 (Blaisdell Decl. ¶¶ 3-6).

---

[5] Plaintiff instead chose to argue that the proffered reasons for his change of office, alleged removal of vacation and sick days, and lack of Operating Room privileges were pretextual. Dkt. 120 at 22-23. These events, however, are not relevant. Dkt. 111.

For the foregoing reasons, the Court GRANTS JUDGMENT in favor of Defendant on Plaintiff's retaliation claim.

**4.      Judgment on Plaintiff's Hostile Work Environment Claim Based on Retaliation Is Entered In Favor of Defendant**

On May 1, 2017, this Court granted Defendant's motion for summary judgment on Plaintiff's third claim of hostile work environment in violation of 42 U.S.C. § 2000e-2. Dkt. 127. To establish a *prima facie* hostile work environment claim, a plaintiff must show that he was "(1) subjected to verbal or physical conduct because of [his protected characteristic], (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Manatt*, 339 F.3d at 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am.*, 296 F. 3d 810, 817 (9th Cir. 2002)) (internal quotations omitted). In "evaluating the severity of the abusive conduct," the court must consider "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Vasquez*, 349 F.3d at 642. "The working environment must both subjectively and objectively be perceived as abusive." *Id.*

Hostile work environment claims encompass "a series of separate acts that collectively constitute an 'unlawful employment practice.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). Thus, the Court can consider acts that, by themselves, would fall outside the time period provided for when a charge must be filed with the EEOC. *See id.* at 118. However, all acts the Court considers must be part of the same hostile work environment claim. *See id.* (explaining if the timely act had no relation to previous acts, or for some other reason the other acts were no longer part of the same claim, "the employee cannot recover for the previous acts"). Plaintiff's allegations against anyone other than Dr. Norman, notably against Dr. Wang, are improper because Plaintiff had the opportunity, and took

7

that opportunity, to bring EEO complaints against Dr. Wang in 2004, and against Dr. Stelzner in 2008. The changes in Plaintiff's supervision, *i.e.,* the "intervening action[s] by the employer" foreclose Plaintiff's allegations against other actors as part of the same hostile work environment claim against Dr. Norman. *Id.*

Here, under a totality of circumstances, the Court FINDS that Defendant's conduct was not "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *See Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). The comments and actions attributed to Dr. Norman were not substantial, and they were objectively more benign than the supervisor and executive comments made in *Manatt*, where the Ninth Circuit sustained summary judgment in favor of the employer. *See Manatt*, 339 F.3d at 795 (where supervisor said "I've had the worst kind of trouble with your countrymen" to a plaintiff of Chinese descent).

The only objectively negative comment Plaintiff attributes to Dr. Norman is "you're a bad doctor," and even if the Court accepted the statement "I am very worried about you" as objectively negative, these comments pale in comparison to comments made in other cases that did not rise to the level of a hostile work environment. *See Vasquez*, 349 F.3d at 643 (no hostile work environment where two derogatory comments were directed towards plaintiff); *Kortan v. California Youth Authority*, 217 F.3d 1104, 1107 (9th Cir. 2000) (no hostile work environment where supervisor called female employees "castrating bitches," "Madonnas," or "Regina" on several occasions). The purported negative actions of reducing Plaintiff's Quality Assurance duties, and marking Plaintiff AWOL (which resulted in temporarily withholding of salary that was shortly reimbursed to Plaintiff), are further insufficient to find that the "workplace [was] permeated with discriminatory intimidation." *Brooks*, 229 F.3d at 923 (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).

For the foregoing reasons, the Court GRANTS JUDGMENT in favor of Defendant on Plaintiff's hostile work environment claim.

For the foregoing reasons, JUDGMENT is hereby rendered against Plaintiff and in favor of Defendant. Defendant shall be entitled to its costs as the prevailing party.

IT IS SO ORDERED.

Dated: June 2, 2017

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE